UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LESAMUEL PALMER,

        Plaintiff,

v.                                  Case No. 3:12-cv-814-J-12MCR

W.J. MORAN,
et al.,

        Defendants.

### ORDER TO AMEND

    Before the Court is Plaintiff's Amended Complaint (Doc. #6), in which he asserts that the Defendants violated his right to be free from cruel and unusual punishment when they used chemical agents on May 23, 2011. Due to deficiencies in the Amended Complaint, Plaintiff will be required to amend to briefly set forth factual assertions relating to one basic incident and to name as Defendants only those individuals allegedly responsible for violating his federal constitutional rights. To the extent that some of the Defendants may no longer be employed with the Florida Department of Corrections, Plaintiff is still responsible for providing the correct addresses for service of process upon the Defendants.

Although Plaintiff is proceeding pro se, he will be required to follow the Federal Rules of Civil Procedure. Rule 8(a) requires that pleadings include a short and plain statement of the claim showing that the pleader is entitled to relief. See Fed. R. Civ. P. 8(a)(2). Additionally, Rule 10 requires that all averments of the claim shall be made "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Plaintiff's statements in his Complaint fall far short of these pleading requirements.

In filing the Amended Complaint on the enclosed civil rights complaint form, he must strictly adhere to the instructions in the civil rights complaint form. In compliance with the form, Plaintiff must inform this Court of all previously-filed cases in the federal courts that pertain to the facts involved in this action or otherwise relating to his imprisonment or the conditions of that imprisonment, including habeas corpus and civil rights cases. See Section IV.B. He must also answer question IV.D., pertaining to those cases dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted. Plaintiff's failure to abide by the instructions contained in the form may result in the dismissal of the action without further notice.

Moreover, if Plaintiff's complaint includes, as Defendants, individuals who hold supervisory positions and/or who are not

directly involved in the day to day operations of the penal facility, Plaintiff should be aware that *respondeat superior* has clearly been rejected as a theory of recovery under 42 U.S.C. § 1983.  <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981); <u>Brown v. Crawford</u>, 906 F.2d 667, 671 (11th Cir. 1990), <u>cert</u>. <u>denied</u>, 500 U.S. 933 (1991).  Although personal participation is not specifically required for liability under § 1983, there must be some causal connection between the Defendants' actions and the alleged deprivation.  <u>See</u> <u>Reid v. Sec'y, Fla. Dep't of Corr.</u>, 486 Fed. App'x 848, 852 (11th Cir. 2012) (not selected for publication in the Federal Reporter).  One cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he participated in the deprivation of Plaintiff's constitutional right(s) or directed such action and/or omission that resulted in such deprivation.  Finally, with respect to the alleged damages and relief requested, Plaintiff must state how he was harmed or injured by the actions and/or omissions of the Defendants.

In the body of the Amended Complaint, Plaintiff should neither cite to case law nor include legal analysis, but should state his claims and briefly assert facts supporting those claims.  The Amended Complaint should neither contain a rambling narrative nor a minute by minute diary of that day's events, but instead should center upon the factual basis for each claim.  Plaintiff will be

permitted to argue his claims and set forth a legal analysis in a Memorandum of Law in Support of his Amended Complaint, not exceeding ten (10) pages, if he elects to file one.

Moreover, in filing pleadings for this Court's consideration, Plaintiff shall comply with Local Rule 1.05(a), Rules of the United States District Court for the Middle District of Florida, which requires specific margins and double-spacing.  Plaintiff has not complied with the margin requirements of Local Rule 1.05(a). With the scanning of documents and electronic filing requirements, compliance with the margin specifications is of utmost importance. In sum, Rule 1.05(a) requires a one and one-fourth inch top, bottom and left margins and a one to one and one-fourth inch right margin. Any documents submitted by Plaintiff that do not comply with the rule will be stricken.

Plaintiff shall sign and date the Amended Complaint after the following statement on the form: "I declare under penalty of perjury that the foregoing is true and correct."  Before signing the Amended Complaint, Plaintiff must ensure that his assertions are truthful and that he has not knowingly made false material declarations.  Plaintiff shall neither exaggerate nor distort the facts, but instead must truthfully set forth the facts underlying his claims.  Knowingly making a false material declaration in violation of Title 18, United States Code, Section 1623, is

punishable by a fine or imprisonment, or both.[1] Further, the Amended Complaint must also include Plaintiff's original signature. Plaintiff should use a black or blue pen or marker (or No. 2 pencil) to complete the form so that the scanned electronically filed document and service of process copies are legible.

Finally, Plaintiff should be forewarned that Local Rule 3.01(e), Rules of the United States District Court for the Middle District of Florida, provides, in pertinent part: "The unwarranted designation of a motion as an emergency motion may result in imposition of sanctions." Plaintiff is cautioned to only designate a motion as an "emergency" when there is a true emergency that the Court should entertain either immediately or shortly after its filing. If Plaintiff violates Local Rule 3.01(e) by designating a motion or notice as an emergency when the matter does not need the Court's immediate consideration, this Court will consider the imposition of sanctions, which may include monetary sanctions.

Therefore, it is now

**ORDERED:**

1. Plaintiff, **on or before July 11, 2013**, shall file an amended complaint on the enclosed civil rights complaint form.

---

[1] Section 1623(a) provides: "Whoever under oath (or in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information, including any book, paper, document, record, recording, or other material, knowing the same to contain any false material declaration, shall be fined under this title or imprisoned not more than five years, or both."

This case number should be affixed to the civil rights complaint form, and the words "Amended Complaint" should be written on the top of the form. Before filing the Amended Complaint, Plaintiff shall review his allegations and claims and ensure that he has truthfully set forth the facts and claims. After fully completing the form and briefly setting forth his assertions, Plaintiff shall date and sign the Amended Complaint, after the statement: "I declare under penalty of perjury that the foregoing is true and correct." Plaintiff shall ensure that he has submitted the proper number of copies for service of process upon each named Defendant. Those copies must be identical to the Complaint. **Failure to file the Amended Complaint and follow the specific instructions in this Order by the designated deadline will result in the dismissal of this action without further notice.**

2. If Plaintiff no longer wishes to pursue this action or prefers to dismiss this case without prejudice to refile at a later date (to seek relief through the administrative grievance procedures, gather the necessary funds to pay the filing fee, review the Local Rules of this Court, seek the assistance of an attorney or inmate law clerk, further develop the facts, research the legal issues, and/or initiate a case in state court to address any alleged negligence claims), he may file a motion for voluntary dismissal of the action. However, Plaintiff should take into account the running of the statute of limitations in making such a

decision.[2]  Or, Plaintiff may proceed in this action by following the dictates of this Order by the designated deadline.

   3.   The Clerk shall provide a civil rights complaint form to Plaintiff.

   4.   The Clerk shall terminate any pending motions related to in forma pauperis.

   **DONE AND ORDERED** at Jacksonville, Florida, this 10th day of June, 2013.

/s/ Monte C. Richardson<br>
MONTE C. RICHARDSON<br>
UNITED STATES MAGISTRATE JUDGE

sc 6/10
c:
LeSamuel Palmer

---

[2] Plaintiff is advised that a "§ 1983 action brought in Florida is governed by Florida's four-year personal injury statute of limitations." Henyard v. Sec'y, Dep't of Corr., 543 F.3d 644, 647 (11th Cir. 2008) (citations omitted).